UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NOAH SKELTON )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>BIRMINGHAM AIRPORT )<br>AUTHORITY )<br>)<br>Defendant. )<br>) | Civil Action Number<br>2:18-cv-01240-AKK |

# MEMORANDUM OPINION AND ORDER

Noah Skelton filed this lawsuit against the Birmingham Airport Authority alleging race and gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and Section 1981 of the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981 (by and through § 1983). Doc. 1. Before the court is the Authority's motion to dismiss Skelton's complaint for failure to (1) administratively exhaust several claims and (2) plead sufficient factual allegations or an adverse employment action to support his claims. Doc. 7 at 8-13.

Having reviewed the complaint, briefs, case law, and relevant documents, the motion is due to be granted solely as to the Title VII claims for denial of time off and habit/pattern of discrimination. Skelton never mentioned these claims in his Equal Employment Opportunity Commission ("EEOC") charge, and they are not claims that "could reasonably be expected to grow out of [his] initial charges of

1

discrimination." *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000) (quotation omitted).[1] As such, he cannot pursue these claims under Title VII.

As for the rest of the motion, first, contrary to the Authority's contention that Skelton failed to exhaust his hostile work environment and denial of pay claims, Skelton described supervisors who "follow [him] around as [he] performs job duties" and "[write him] up for the appearance of any infraction of a work rule." Doc. 7-1. A reasonable EEOC investigator could have concluded that Skelton was complaining about a hostile work environment based on these allegations. *See Chanda,* 234 F.3d at 1225 (The complaint may raise "any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination."); *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1278 (11th Cir. 2004) (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)) ("[J]udicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but . . . allegations of new acts of discrimination are inappropriate."). Relatedly, with the understanding that the denial of pay claim is limited to the suspension, the motion is denied because Skelton explicitly mentions being suspended without pay in his EEOC charge.

---

[1] The habit/pattern claim fails also because Skelton has not pleaded a class action claim and the EEOC has not joined in this lawsuit. *See E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000) ("In contrast [to a disparate treatment claim], a pattern and practice claim either may be brought by the EEOC if there is "reasonable cause to believe that any person or group of persons is engaged in a pattern or practice" of discrimination . . . or by a class of private plaintiffs under 42 U.S.C. § 2000e, et seq. . . .").

Second, as for the Authority's contention that Skelton failed to plead sufficient facts to support his discrimination claims, "[a]lthough a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, it must provide enough factual matter (taken as true) to suggest intentional race discrimination." *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008). Relevant here, Skelton alleges that the Authority treated "at least three African American women" more favorably than him by failing to discipline them for violating the same work rules and that two African American supervisors "unjustly disciplined, followed, [and] harassed" Skelton due to his race. Doc. 1 at 3, 5-7. Such factual allegations are sufficient to suggest differential treatment based on race and gender at this juncture. *Cf. Glover v. Donahoe,* 626 F. App'x 926, 931 (11th Cir. 2015) (noting that plaintiff failed to allege a race discrimination claim under Title VII because he "identified no similarly-situated black employee who made racially-offensive remarks toward a customer and who was treated more favorably").

Third, contrary to the Authority's contention, Skelton has pleaded an adverse action, i.e. a three-day suspension without pay.[2] *See Wideman v. Wal–Mart Stores, Inc.*, 141 F.3d 1453, 1455 (11th Cir.1998) (holding that written

---

[2] The Authority correctly notes that the other alleged adverse actions – a corrected negative evaluation and reprimand – do not rise to the level required under the law. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1261 (11th Cir. 2001) ("Negative performance evaluations, standing alone, do not constitute adverse employment action."); *Summerlin v. M & H Valve Co.*, 167 F. App'x 93, 97 (11th Cir. 2006) (an employee reprimand "does not constitute an adverse employment action when the employee suffers no tangible harm as a result.").

reprimands and one-day suspensions constituted adverse employment actions for the purposes of a retaliation claim); *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 920 (11th Cir.1993) (holding that a thirty-day suspension without pay was an adverse employment action). The suspension qualifies as the "serious and material change" in terms of employment necessary to satisfy the elements of the discrimination claims, *see Howard v. Walgreen Co.*, 605 F.3d 1239, 1245 (11th Cir. 2010), as well as the retaliation claim.[3]

Finally, Skelton has also pleaded sufficient facts at this juncture to survive a motion to dismiss the hostile work environment claim through his contention that his supervisors regularly disciplined him "for the appearance of any infraction of a work rule," followed him around as he performed job duties on a daily basis, and harassed him "repeatedly" and "on a constant basis." Doc. 1 at 6, 9-11. *See Freeman v. City Of Riverdale*, 330 F. App'x 863, 865 (11th Cir. 2009) ("[T]o be actionable, [the] harassing behavior must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceive[s] ... to be abusive.").

---

[3] Skelton has also pleaded the requisite protected activity for his retaliation claim, contending that he complained about a negative performance evaluation to his supervisors and the human resources department, and that he was subsequently disciplined "for the appearance of any infraction," followed around at work, and eventually suspended without pay. Doc. 1 at 4, 9-11. *See Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1155 (11th Cir. 2002) (noting the elements of a retaliation claim).

At this juncture, the plaintiff need only provide a "short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Construing Skelton's allegation as true, and with the charge that the court construe pleadings "so as to do justice," the court finds that Skelton has pleaded sufficient facts to allow his claims to proceed. Fed. R. Civ. P. 8(d)-(e). Therefore, except as to the Title VII claims for time off and pattern/habit of discrimination, which are **DISMISSED WITHOUT PREJUDICE**, the Authority's motion to dismiss, doc. 7, is **DENIED.**

**DONE** the 12th day of December, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE